THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

WAYNE NEVILLE MORRIS,

Petitioner,

v.

UNITED STATES OF AMERICA,

Respondent.

CASE NO. C17-0268-JCC

ORDER

This matter comes before the Court on Petitioner Wayne Neville Morris' ("Morris") motion to vacate, set aside, or correct his sentence under 28 U.S.C. section 2255 (Dkt. No. 1), motion to present post-sentencing factors (Dkt. No. 17), and motion for leave to amend his reply (Dkt. No. 23).[1] Having thoroughly considered the parties' briefing and the relevant record, the Court hereby DENIES the motions (Dkt. Nos. 1, 17, 23) for the reasons explained below.

## I. BACKGROUND

On December 10, 1999, Morris was convicted of one count each of the following felonies: Conspiracy to commit armed bank robbery under 18 U.S.C. section 371, armed bank robbery under 18 U.S.C. section 2113(a) and (d), use of a firearm during a crime of violence

---

[1] Morris has appointed counsel, who has filed briefing on his behalf. (*See* Dkt. No. 22.) Morris has also submitted several *pro se* filings in support of his section 2255 petition. (*See* Dkt. Nos.1, 9, 17, 22, 23.) In evaluating Morris' claims, the Court has considered all of the briefing filed in this case.

ORDER
C17-0268-JCC
PAGE - 1

(armed bank robbery) under 18 U.S.C. section 924(c)(1)(A), assault on a federal officer by means and use of a dangerous weapon under 18 U.S.C. section 111, and use of a firearm during a crime of violence (assault on a federal officer) under 18 U.S.C. section 924(c)(1)(A)(iii). *See United States v. Morris*, Case No. CR99-0174-JCC, Dkt. Nos. 151, 217-1 (W.D. Wash. 1999). The Court sentenced Morris to 528 months imprisonment. *Id.* at Dkt. No. 217-1. Morris' two convictions under section 924(c) each carried mandatory minimum sentences because the predicate offenses (armed bank robbery and assault on a federal officer) qualified as "crimes of violence" as defined in that provision. *Id.*; 18 U.S.C. § 924(c)(3).

Morris appealed his conviction and sentence, both of which were affirmed by the Ninth Circuit Court of Appeals.[2] *See United States v. Morris*, 43 F. App'x 150, 158 (9th Cir. 2002). In 2004, Morris filed a habeas corpus petition pursuant to 28 U.S.C. section 2255 that challenged this Court's jurisdiction over his criminal case. *See Morris v. United States of America*, Case No. C04-0266-JCC, Dkt. No. 1 (W.D. Wash. 2004). The Court denied his habeas petition. *Id.* at Dkt. No. 38. The Court of Appeals denied Morris' request for a certificate of appealability. *Id.* at Dkt. No. 59.

In 2015, the United States Supreme Court held that the residual clause contained in 18 U.S.C. section 924(e)(2)(b)(ii) defining "violent felony" under the Armed Career Criminal Act was unconstitutionally vague. *Johnson v. United States*. 135 S. Ct. 2551, 2557 (2015) ("*Johnson II*"). Based on *Johnson II*, Morris filed a motion with the Ninth Circuit Court of Appeals seeking leave to file a successive section 2255 petition. *See* Case No. CR99-0174-JCC, Dkt. No. 220. The Court of Appeals granted Morris' motion, noting that he made a prima facie showing for relief under *Johnson II. Id.* at Dkt. No. 221.

In this successive section 2255 petition, Morris asks the Court to extend the holding in *Johnson II* to invalidate a similarly-worded clause found in section 924(c)(3)(B) that underlies

---

[2] Morris' appeal raised different issues than those presented by this section 2255 petition. *See generally United States v. Morris*, 43 F. App'x 150 (9th Cir. 2002).

ORDER
C17-0268-JCC
PAGE - 2

his convictions for crimes of violence—armed bank robbery as charged in count 3 and assault on a federal officer by means of a dangerous weapon as charged in count 5. (Dkt. Nos. 1 at 2, 9 at 2–3, 21 at 4.)

## II. DISCUSSION

### A. Legal Standard for Section 2255 Petitions

To state a cognizable 28 U.S.C. section 2255 claim, a petitioner must assert that he or she is in custody in violation of the Constitution or laws of the United States, that the district court lacked jurisdiction, that the sentence exceeded the maximum allowed by law, or that the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255(a). A habeas petitioner bears the burden to show by a preponderance of the evidence that an error occurred. *See Johnson v. Zerbst*, 304 U.S. 458, 468-69 (1938); *Simmons v. Blodgett*, 110 F.3d 39, 41–42 (9th Cir. 1997).

### B. Morris' Claims for Relief

Morris claims that if the Court were to extend the holding in *Johnson II* to invalidate the analogous residual clause of section 924(c)(3)(B), then his convictions under that section would have to be vacated because armed bank robbery and assault on a federal officer by means of a dangerous weapon would no longer meet the statutory definition as a "crime of violence." (Dkt. No. 1 at 4.) The Government asserts that Morris' petition is both procedurally defective and without merit. (Dkt. No. 20 at 4.)

The Court finds it is unnecessary to address the Government's procedural arguments or to reach the question of whether section 924(c)(3)(B) is unconstitutionally vague under *Johnson II*. Under Ninth Circuit precedent, Morris' convictions for armed bank robbery and assault on a federal officer by means of a dangerous weapon are crimes of violence as defined by section 924(c)(3)(A).

#### 1. <u>18 U.S.C. Section 924(c)</u>

Pursuant to 18 U.S.C. section 924(c)(1)(A), a criminal defendant can receive an enhanced period of imprisonment for using or carrying a firearm "during and in relation to any of crime of

violence." As applied to this provision, the statute defines the term "crime of violence" as a felony that:

> (A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or
>
> (B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

18 U.S.C. § 924(c)(3). "Clause (A) of this definition is known as the 'force clause,' while clause (B) is known as the 'residual clause.' *United States v. Gutierrez*, 876 F.3d 1254, 1256 (9th Cir. 2017). The Supreme Court has held that to qualify as a "crime of violence" under the force clause, an offense must have as an element the use, attempted use, or threatened use of violent physical force—"that is, force capable of causing physical pain or injury to another person." *Johnson v. United States*, 559 U.S. 133, 140 (2010) ("*Johnson I*").

### 2. Morris' Armed Bank Robbery Claim (Count 3)

The Ninth Circuit recently reaffirmed that armed bank robbery, as charged under 18 U.S.C. section 2113(a) and (d), qualifies as a crime of violence pursuant to section 924(c). *United States v. Watson*, 881 F.3d 782, 786 (9th Cir. 2018). In *Watson*, the defendants pled guilty to armed bank robbery under section 2113(a), and using or carrying a firearm during the bank robbery under section 924(c)(1)(A). *Id*. at 784. Following the Supreme Court's decision in *Johnson II*, the defendants filed a habeas corpus petition, arguing that armed bank robbery no longer qualifies as a crime of violence under section 924(c)(3). *United States v. Watson*, No. 14-00751-01-DKW, slip op. at 3 (D. Haw. Mar. 2, 2016).

The Ninth Circuit determined that it did not need to address whether *Johnson II* invalidated the residual clause of section 924(c)(3)(B) because armed bank robbery qualified as a crime of violence under the force clause. *Watson*, 881 F.3d at 784. The court rejected the defendants' claims that the least violent form of bank robbery does not necessarily include the type of violent physical force required by the standard established in *Johnson I*. *Id*. at 785.

Like the defendants in *Watson*, Morris was indicted and convicted of armed bank robbery

under section 2113(a) and (d), and carrying a firearm while committing armed bank robbery under section 924(c)(1)(A). (Dkt. Nos. 9 at 28–29, 43–44.) Therefore, the Ninth Circuit's decision in *Watson* controls this case. Morris argues that *Watson* was wrongly decided; however, he provides no basis for the Court to depart from this controlling authority. (*See* Dkt. No. 9 at 1–4.) Moreover, the *Watson* court specifically rejected many of the arguments that Morris raises in support of his claim that armed bank robbery no longer qualifies as a crime of violence. *Watson*, 881 F.3d at 786; (*see* Dkt. No. 9 at 1–4.)

For those reasons, Morris' request to vacate his conviction under count 3 of the indictment is DENIED.

### 3. Morris' Assault on a Federal Officer Claim (Count 5)

Morris' second claim, that his conviction for assault on a federal officer by means of a dangerous weapon no longer constitutes a crime of violence in light of *Johnson I* and *Johnson II*, is similarly unavailing. The statute Morris was convicted under creates three separate assault offenses. *See* 18 U.S.C. § 111; *see also United States v. Chapman*, 528 F.3d 1215, 1218 (9th Cir. 2008) ("[S]everal of our sister circuits have held that § 111 creates three distinct offenses, one misdemeanor and two felonies. We agree that this formulation of the statute is required."). Under section 111(a), a defendant can commit either a misdemeanor or felony depending on the degree of assault. Under section 111(b), a defendant commits a felony if during the assault he uses a deadly or dangerous weapon or inflicts bodily injury.

The Ninth Circuit has held that assault under section 111(b) is categorically a crime of violence as that term is defined by 18 U.S.C. section 16(a). *United States v. Juvenile Female*, 566 F.3d 943, 948 (9th Cir. 2009). That provision defines a crime of violence as "an offense that has as an element the use, attempted use, or threatened use of physical force against the person or property of another." 18 U.S.C. § 16(a). That definition is identical to the force clause contained in section 924(c)(3)(A), which underlies Morris' convictions.

Morris was convicted of assault on a federal officer by use of a dangerous weapon

pursuant to section 111(b).[3] Based on the Ninth Circuit's holding in *Juvenile Female*, Morris' conviction is correctly defined as a crime of violence under the force clause of section 924(c)(3). Therefore, the Court need not consider whether the Supreme Court's ruling in *Johnson II* renders the residual clause of section 924(c)(3) unconstitutionally vague.[4] *See Watson*, 881 F.3d at 784 ("We need not address the residual clause because we conclude that the relevant offense of armed bank robbery is a crime of violence under the force clause.")

Morris' arguments to the contrary are unavailing. Morris suggests that the Ninth Circuit's holding in *Juvenile Female* was implicitly overruled by the Supreme Court's decision in *Johnson I*.[5] (Dkt. No. 1 at 7–10.) However, since *Johnson I*, the Ninth Circuit has repeatedly affirmed that assault on a federal official under section 111(b) is categorically a crime of violence. *See United States v. Calvillo-Palacios*, 860 F.3d 1285, 1290 (9th Cir. 2017); *United States v. Cole*, 722 F. App'x 749, 749 (9th Cir. 2018) ("a defendant charged with assault by using a deadly or dangerous weapon in violation of 18 U.S.C. § 111(b) must necessarily threaten the use of force.") Moreover, several circuit courts have affirmed that assault on a federal officer is a crime of violence under the standard established in *Johnson I*. *See United States v. Kendall*, 876 F.3d 1264, 1270 (10th Cir. 2017), cert. denied, 138 S. Ct. 1582 (2018); *United States v. Taylor*, 848 F.3d 476, 491–95 (1st Cir. 2017); *United States v. Rafidi*, 829 F.3d 437, 446 (6th Cir. 2016), cert.

---

[3] Morris' argument that the indictment and jury verdict were not sufficiently clear to support his conviction under section 111(b) are not supported by the record. (*See generally*, Dkt. No. 9.) An indictment is sufficient "so long as the words unambiguously set forth all elements necessary to constitute the offense." *United States v. Davis*, 336 F.3d 920, 922 (9th Cir. 2003). The indictment in this case not only charged Morris under section 111(b), but included all of the necessary elements of that conviction, including that it was committed "by means and use of a dangerous weapon, to wit, a handgun." (Dkt. No. 9 at 28.) Further, the jury explicitly found that Morris committed an assault on a federal officer while using or carrying a firearm. (Dkt. No. 20 at 27.)

[4] A great deal of Morris' briefing is dedicated to arguing why the section 924(c)(3) residual clause should be invalidated in light of *Johnson II*. (*See generally* Dkt. Nos. 1, 9, 21.) Since the Court does not reach that issue, it is unnecessary to address Morris' arguments.

[5] In contrast, Morris' counsel acknowledged that this Court is bound by the holding in *Juvenile Female*. (Dkt. No. 22 at 13.)

denied, 137 S.Ct. 2147; *United States v. Hernandez–Hernandez*, 817 F.3d 207, 214–17 (5th Cir. 2016). Morris does not provide a persuasive reason to depart from that precedent.[6]

Morris also suggests that he did not commit a crime of violence because he was charged and convicted under an aiding and abetting theory of liability. (Dkt. No. 1 at 13); Case No. CR99-0174-JCC, Dkt. No. 217 at 20. But the Ninth Circuit has held that a person convicted of aiding and abetting a crime of violence is treated the same as if he committed the offense. *See Ortiz-Magana v. Mukasey*, 542 F.3d 653, 659 (9th Cir. 2008) ("aiding and abetting an assault with a deadly weapon is the functional equivalent of personally committing that offense.") Therefore, Morris' aiding and abetting argument provides no basis to find that his conviction under section 111(b) no longer represents a crime of violence.

For those reasons, Morris' request to vacate his conviction under count 5 of the indictment is DENIED.

### 3. Evidentiary Hearing and Certificate of Appealability

The Court concludes that it is unnecessary to order an evidentiary hearing or grant a certificate of appealability. Morris has not requested an evidentiary hearing and the record is sufficiently developed to resolve his claims. A certificate of appealability should only issue if "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). The Court concludes that a certificate of appealability should not issue for Morris' claims because his convictions for armed bank robbery and assault on a federal officer by use of a dangerous weapon are crimes of violence under the force clause of section 924(c)(3)(A) based on Ninth Circuit precedent.

## III. CONCLUSION

For the foregoing reasons, the Court DENIES Petitioner's 28 U.S.C. section 2255 motion

---

[6] Morris cites to a Ninth Circuit case that held assault of a federal officer under section 111(a) is not categorically a crime of violence. (Dkt. No.1 at 7) (citing *United States v. Dominguez-Maroyoqui*, 748 F.3d 918, 920 (9th Cir. 2014)). However, Morris was convicted under section 111(b).

1  (Dkt. No. 1), his motion to present post-sentencing factors (Dkt. No. 17), and his motion for
2  leave to amend his reply (Dkt. No. 23).[7] The Clerk is DIRECTED to close this case. The Clerk is
3  further DIRECTED to send a copy of this order to Petitioner.
4  DATED this 25th day of July 2018.

John C. Coughenour
UNITED STATES DISTRICT JUDGE

---

[7] The Court finds no basis for providing Morris additional time to file an amended reply, as both he, and his counsel, have filed a reply. (Dkt. Nos. 21, 22.) Additionally, Morris has filed other briefings as part of his petition, which the Court has considered.

ORDER
C17-0268-JCC
PAGE - 8